UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICIA PINA,

    Plaintiff,

v.

STEPHEN MATTERN, WILLIAM McCLEAN, EDWARD MURRAY, SCOTT SAUCHUCK, as they constitute the Plympton Board of Appeals, not individually and FRED SVENSON, as he is Building Inspector and Zoning Officer for Plympton and not individually and THE TOWN OF PLYMPTON,

    Defendants.

Case No. 03-11949-NG

FIRST SUPPLEMENTAL AFFIDAVIT OF
PATRICIA RENEE PINA

NOW COMES Patricia Renee Pina under oath saying as follows:

(1) With reference to the allegations contained in my complaint in this instant action, your affiant says as follows:

    a. On July 12, 2003 certified engineer, Paul McDermott conducted a percolation test (PERC test) on my property at 59 Parsonage Road, Plympton, Massachusetts. In the course of conversation with Mr. McDermott concerning the problems I am having with the Town, subject to the complaint in this lawsuit, he informed me that he had heard the reason the town is giving me such a hard time is because they think that I am a man and either a transvestite or transgender person.

    b. On 5/8/04 the Town Assessor Sue Duggan came to my property at 59 Parsonage Road in the company of Richard Gonsalves who is the Seekonk Town Assessor for the purpose of gaining access to the four manufactured homes on the premises. Your affiant had been involved earlier in the day in church activities, was attired in a skirt or dress, with my hair fixed. On that occasion, Mr. Gonsalves repeatedly

Gonsalves repeatedly referred to me (to her face and to others) as a male in a pejorative manner.

c. I have heard from the following sources, Paul McDermott and Fred Dolloff, that Highway Department Supervisor, James Mulcahy, and other members of his Department have, at various diverse occasions, referred to me as a "nigger" and have in conversation with others accused me of "trying to take this town over."

(I also note that the Highway Department cuts the grass along the roadways in Plympton but consistently fails to cut the grass along the roadway contiguous with my property, despite specific requests that I have made requesting that the grass to be cut "just like everyone else's" to the Highway Department.)

d. On October 6, 2003 at the Plympton Police Station a woman, Jackie Manning, a former member of the Plympton Finance Committee from 2002-2003 told me to "pull your penis out," while I was acting as a witness for an incident involving Suzzann Sakar.

e. In October 2003 Town of Plympton Building Inspector, Fred Sevenson, in the context of my attempts to apply for Town permissions, told me "just because you are a nigger doesn't mean that you are going to get by me – I'm a tough Swede." This comment was made while I was in the process of filing an application for a permit for my barn.

On the same date, Don Matatall, a member of the Town of Plympton Planning Board assaulted me in the hallway of the Town Hall by pushing me up against the wall and then wrestling me to the floor in an effort to take documents from me that indicated that his supervisor had approved my permits.

f. In 2003 Plympton Selectman Joseph Freitas, referring to the H-2A workers that I was planning to bring to my property to assist me with the planned breeding operation told me: "We don't want those people here."

g. Upon information and belief, Allison Raines, while a member of the Town of Plympton Planning Board, told other members of the Planning Board falsely and without basis that I was a sex offender and molested children.

h. Upon information and belief, your affiant was informed that members of the Town of Plympton Police and Fire Department have told other

Town officials that your affiant is really a male and pretending to be a woman.

(2) With respect to my complaint before this Court alleging discrimination on the basis of race, color and national origin, I previously provided the Court with a copy of HUD complaint #01-03-0417-8 filed with the Department of Housing and Urban Development on September 17, 2003. Attached to this affidavit is letter dated April 28, 2004 from the United States Department of Justice Civil Rights Division Housing and Civil Enforcement Section confirming that my complaint is under active investigation by the Enforcement Section, attention: Charla Jackson, Trial Attorney.

Signed under the pains and penalties of perjury this 20th day of July 2004.

*Patricia Renee Pina*
Patricia Renee Pina



U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section

SHR:DLH:CDJ:tdl
DJ 175-36-289

U.S. Mail:   950 Pennsylvania Ave., N.W.
             Washington, DC  20530
Overnight:   1800 G Street, N.W.
             Suite 7002
             Washington, DC 20006
Telephone:   (202) 514-4713
Facsimile:   (202) 514-1116

April 28, 2004

Via Federal Express
Patricia R. Pina
Aces Wild Farm
59 Parsonage Road
Plympton, MA 02367

Re:   Pina v. Town of Plympton; HUD Complaint: 01-03-0417-8

Dear Ms. Pina:

    This letter will serve as a follow up to our discussions last week regarding the above-captioned complaint.

    You filed a complaint with the Department of Housing and Urban Development (HUD) on September 17, 2003, alleging that the Town of Plympton, Massachusetts discriminated against you on the basis of race, color, and national origin. Specifically, you have alleged that the Zoning Board of Appeals of the Town of Plympton denied your request for building permits to place mobile homes on your 46-acre farm which were to be used as housing for farm workers, many of whom would be minority, and that these actions were in violation of the Fair Housing Act, 42 U.S.C. §3601 et seq. As you know, HUD recently referred this complaint to the Department of Justice, pursuant to 42 U.S.C. §3610 (g)(2)(C) of the Fair Housing Act and, consequently, this office is conducting an investigation.

    The Fair Housing Act (the Act) prohibits discrimination in housing on the basis of race, color, national origin, and other protected categories. The enforcement provisions of the Act authorize the Attorney General to commence a civil action concerning a discriminatory housing practice referred by HUD pursuant to 42 U.S.C. § 3614(b). The Act also authorizes the Attorney General to commence a civil action whenever he has reasonable cause to believe that any person or group of persons is engaging in a pattern or practice of housing discrimination, or that a group of persons has been denied any of the rights granted by the Act and such denial raises an issue of general public importance. 42 U.S.C § 3614(a).

The Department will be conducting an investigation to determine whether or not the Town of Plympton violated the Act in denying you the building permits for mobile homes on your property. I have recently contacted representatives of the Town of Plympton to inform them of the Department's involvement, and, at a later date, I will request documents and/or information from them that I may need to assist me in conducting this investigation. I also expect to request additional information from you in the future. I will keep you updated on any pertinent developments as the investigation progresses. Should you need to reach me in the meantime, my direct dial is (202)353-9705.

                        Sincerely,

                        Steven H. Rosenbaum
                        Chief

By:

                        Charla Jackson
                        Trial Attorney
                        Housing and Civil Enforcement Section

cc: Donald Barnes, Esq.